Good morning and welcome to the Ninth Circuit. We have several cases submitted on the briefs today. The first is United States v. Felder, 20-10334 and 10335. That case is submitted. Love v. Cardoni, 21-16685. That case is also submitted. We have just one case then left for argument, which is Meyer v. Attorney General of the State of Arizona, and each side will have 10 minutes. Good morning, Your Honors. It's good to be back in the Browning Courthouse. May it please the Court, my name is Keith Vilsendecker. I'm from the Federal Public Defender's Office in Phoenix, and I represent the petitioner William Meyer. I'm going to watch the clock and try to save a couple of minutes for rebuttal. For the single act of possessing 23 images of child pornography, Mr. Meyer was sentenced to a total of 230 years in prison under Arizona law. That was the mandatory minimum sentence. It is the harshest sentence imposed in any American jurisdiction, state or federal, and the judge said it was the result of Mr. Meyer's decision to exercise his right to trial. It is not a recidivist sentence. This is Mr. Meyer's first felony conviction. Under AEDPA, the Anti-Terrorism and Effective Death Penalty Act, it is clearly established law that a gross disproportionality principle applies to any term of year's sentence. The Arizona Court of Appeals, when it adjudicated Mr. Meyer's Eighth Amendment challenge to his sentence, didn't apply that principle. It said it doesn't apply, and it cited an Arizona Supreme Court decision called State v. Berger. Because the Arizona Court of Appeals either didn't adjudicate his claim, or because that adjudication was contrary to... Well, it did adjudicate his claim. It said, as an intermediate court of appeals, it's on point. So, that is a merits decision. So, what specific case is a federal Supreme Court case does Berger contradict? It contradicts Andrade, for one, because it says either that, despite the fact that Andrade solidified the modern Eighth Amendment jurisprudence and said that a gross disproportionality principle applies to any term of year's sentence, Berger held either that it doesn't apply to the aggregate length of the sentence, or Berger, incorporating an earlier decision called State v. Davis, said, well, sometimes we do look at the aggregate length of the sentence, but not in situations where the crime is at the core of the statute. And that has never been part of Eighth Amendment jurisprudence. It doesn't — whether a sentence is cruel and unusual punishment doesn't depend on the fact that the conduct falls within the core as opposed to the periphery of a statute. So let's assume they did the first thing. What they meant was we don't have to look at the sentence in aggregate. What U.S. Supreme Court case says that that's impermissible, that it's impermissible to look sentence by sentence instead of the aggregate? Before two weeks ago, Your Honor, I would have said that Andrade is that case because Andrade looked at two consecutive 25-to-life terms and applied the gross disproportionality principle to that aggregate sentence. Two weeks ago, a different panel of this Court issued a published opinion that said that that's not what Andrade said. So I'm hard pressed to say what other case there might be except for Hutto v. Davis from 1980, but, you know, the Andrade Court was aware of Hutto and said what it said about clearly established federal law, and then the Patsalas Court said what it said about Andrade. I feel like there's another question coming. I mean, we could argue about whether Patsalas was right, but we're bound by it, so I'm sort of struggling here about what to say next. Well, you know, and, Your Honor, that's why I filed the 28-J letter I did, and I provided the Court with a copy of the state court decision in Patsalas so that the Court could compare the two state court decisions here. I guess I will throw this out there. At least two of the members of this panel get to vote on whether to take Patsalas and Bank when that petition for rehearing comes in, and at the very least, you know, I can argue on behalf of my client by saying you can consider this at least to the extent that you might want to consider both of these cases in Bank. But I think there's still a way to get to de novo review here that's not foreclosed by Patsalas, because Patsalas didn't discuss the Davis modification of the rule that the Arizona courts apply. The way the Arizona Supreme Court has interpreted the Eighth Amendment and applied it in Berger and Davis establishes essentially a rule that we will look at the aggregate length of a sentence sometimes when the conduct for which the defendant is being punished falls in the periphery of what the statute covers as opposed to the core. Well, why isn't this a situation in which the core of the criminal statute is involved, each of these images was of an actual child being abused? So why isn't that within the core? Your Honor, that's what the Berger court said, but that's a merits question, not an AEDPA question. This AEDPA question — Well, I'm asking you, regardless of what lens we're looking through, you're the one who's saying, well, you know, it's important whether it's at the core or not at the core. And I'm just asking you, why isn't this at the core in your view? I don't — I don't — I'm not contending that it's not. I didn't contend that in my  Oh, okay. I misunderstood your argument. What I was saying, Your Honor, is there — for AEDPA purposes, to determine whether the adjudication of Mr. Meyer's Eighth Amendment claim was contrary to clearly established law, you look at the rule that the State court applied. And here, by saying we're bound by Berger, the Arizona Court of Appeals effectively applied the rule that sometimes we look at the Eighth Amendment. So what Supreme Court case do you think prohibits State courts from doing this — following Davis, essentially saying sometimes we look at the aggregate sentence? So what the Supreme Court has said contrary to means is that the State court applies a rule that applies — that governs. The Supreme Court has clearly established that all sentences are subject to the gross disproportionality principle. That's not some. That's not none. So it seems like you need to win on that argument, though. So like, if every case has to look at the aggregate sentence, you don't need this other argument about Davis, right? And I'm not sure how you win the Davis argument unless it's — the first thing is true. I'm not sure what the Davis argument is adding. The Davis argument is adding that it's — there's a third position. It's not always or never. It's sometimes. But sometimes, when it — when the answer is yes, you think they're doing everything fine then. And if the answer is no, you're back to the first principle, right? I mean, you need to win on the first principle to show that it matters, don't you? Yes. Yeah. And so then maybe we should go back to Andrade. So where in Andrade do you think the court held specifically that consecutive sentences need to be considered in the aggregate? Because it applied the gross disproportionality principle to an aggregate sentence. I struggle — I have always struggled to understand why the rule derived from the facts presented in a case does not create a holding in a case that results in clearly established law. Well, couldn't Andrade be viewed as the court saying, even if we look at the aggregate sentence, there's no violation of the Eighth Amendment here? I don't see anything in Andrade saying you must look at the aggregate sentence. And it seemed to me that the court, in a footnote at least, was saying we don't have to. But the court in Andrade repeatedly described the sentence that was being challenged as two consecutive terms of 25 to life. And I don't understand how to say that suddenly the rule that the court applied there doesn't apply to the facts of the case. I see the yellow light is on, so — We'll still give you two minutes for rebuttal, so thank you. Thank you. May it please the Court, my name is Tanya Kelly. I'm an assistant attorney general for the state of Arizona, and I represent the respondents. Let me address some of the issues that were raised by the petitioner. First of all, the state court in Berger did address the proportionality principle. They went through the Eighth Amendment jurisprudence, first addressed the legislative — the reasonableness of the legislative decision to punish each image held by the defendant with a 10-year — well, the minimum was 10 years, it could be 10 years to 24 years per image. So any idea that this was not addressing the proportionality principles is not a correct reading of Berger. Andrade, the fact that it is, as the petitioner says a couple times, they referred to this as two 25-consecutive-year decisions, but this court has already decided that doesn't mean that you — the cumulative sentence needs to be considered in the disproportionality analysis. It's sort of interesting that the dissent in the beginning talks about that issue and the cumulative issue and says something about how that should be decided, that the cumulative sentence. So a fair reading is indicating that the majority thought otherwise. That's not certain. That of course is not any kind of constriction on the holding, but it is something that should be kept in mind. Trying to think of other — the Davis case. It was a pre-Berger case. They began with the analysis of the reasonableness of the legislative decision and determined that the scope of that decision — this was a young man who had consensual sex with two 15-year-old girls. He was also of a limited mental ability, and they said if he had been two years older within two-year range, it would not have been a crime. And they determined that, looking at the legislative history, that that was not the intent of that legislation. It wasn't any kind of ruling that the disproportionality analysis should look at something other than the specific crimes and their individual sentences in making that determination. Why were the 23 images here considered to be 23 separate crimes instead of one crime of downloading 23 images? They were — under Arizona law, they involved different victims. They were accessed separately. They all — from what I understand, it's not clear. They could have been downloaded in a dump, but they were saved individually onto his computer. But it really doesn't matter that the State has determined that possession of each image is the unit of prosecution here. Well, it might be relevant under Andrade, because the footnote 1 of the majority opinion makes clear that in that case, there were two separate crimes involving, in that — I think, thefts from two different Kmart stores of different items, which would seem to suggest that if each of these images was of a different victim, for example, that would seem to fall within the permission of Andrade rather than be contrary to it. And so, to me, it might matter if that's true. My understanding of the record is that Mr. Meyer sought out these images. There was apparently a name associated, a well-known name of a person who takes pictures of children being molested, and that there were other — certain images were of a certain age. And there are particular images he looked for. There is no reason to believe there was an intent to collect these separate images, and they were saved individually onto his computer. The reason the state charges each image is a deterrent reason. If the state were to charge as a single act, it wouldn't deter people from saving these images, because you could download thousands and thousands of images and just have it be one crime, which would, quite honestly, incentivize people to download more images than being charged with each individual image and having that sentence run consecutive to each other. I understand that concern, but in Berger, I believe the majority and also in the concurrence by then-Justice Hurwitz was expressly stated that they weren't addressing the Eighth Amendment claim in a case where all the images were downloaded at once. Has the Arizona Supreme Court squarely addressed that issue? No, Your Honor, and it wasn't an issue in this case either. The Court of Appeals, to the extent that would be an issue, it quite honestly would not make a difference under Arizona law. The legislature has determined that each image is charged. There's nothing unreasonable about it. Meyer doesn't argue it's unreasonable, he just argues that you have to combine them. Of course, which begs the question, how long can the sentence be and who decides that? That's a subjective determination. What do you think is too much, what is too little? It's very difficult for a judge or actually anyone to make that determination. The legislature has said each image will be sentenced to 10 to 24 years for each image, and they will be consecutive to each other. I hope that answered your question. Okay, thank you. Are there any further questions?  Thank you, Your Honor. Thank you, Counsel. We have two minutes for rebuttal. Thank you, Your Honor. I just want to make one observation about the Davis case that goes to the discussion I had with Judge Graber. If there's an attempt to distinguish the conduct here as being at the core of the prohibition of the statute but not Davis, Davis was a statutory rape case where under my understanding of statutory rape, consent is irrelevant, and yet the court said, well, this is outside the core because it was consensual and these girls were older teenagers and taking advantage of someone perhaps with limited intellectual capabilities. If the Eighth Amendment gross disproportionality principle, if applying the Eighth Amendment's gross disproportionality principle really does turn on facts that are extraneous to the elements of the crimes, in some cases but not others, that is not an application of clearly established federal law. That is not what clearly established federal law says. You either look at the crime and the punishment all the time or never. And with that, I'll ask the court to reverse. Thank you both sides for the helpful arguments. This case is submitted and we are adjourned for the day.
judges: GRABER, FRIEDLAND, SUNG